## SAMUEL WONSON *versus* DANIEL SAYWARD.

The taking of articles of dress, *animo furandi*, from the body of a dead man drowned and driven ashore from a wreck, is a felony ; and consequently words imputing to a person such an act and intent, are actionable.

ACTION on the case for slander. Plea, the general issue.

At the trial, the plaintiff produced witnesses to prove the words spoken.

Hayes testified, that on March 4, 1831, he and the defendant were on the Eastern Point in Gloucester, and that the defendant said to him, " there is Samuel Wonson ; he pulled off his boots, threw them away, and put on the cook's boots." The witness told the defendant he was very much surprised, for he had never heard that character of Wonson before. To which the defendant replied, " he is the man." This was at the time when a vessel belonging to Pingree and Osgood, and having goods on board for them, was cast away on the Eastern Point. Some of the articles were missing. Pingree was in sight during the conversation. The defend ant, in what he said, referred to the cook of the Persia, a

vessel which was cast away on the point some years before and all her crew drowned.

Brown, a deputy sheriff, testified, that when he delivered the summons to the defendant, the defendant said, "the more they stir it, the worse it will be for them "; and in a moment added, " I never took a pair of boots from a dead man."

Pingree testified, that he was interested in the cargo of a schooner, which, in March 1831, was cast away on the Eastern Point. The plaintiff was employed in hauling away the cargo which was saved. Some parts of it were missing. The defendant asked the witness whether he had found all the articles. The witness told him that some were still missing. The defendant then said, it was a pity that such things as were cast away there by accident could not be safe ; and in the course of the conversation he said it was not to be wondered at, as the man driving the team (the plaintiff), at the time when the Persia was lost, took off his own boot (or boots), and threw it away, and took one belonging to one of the crew of the Persia and put it on.

Upon this evidence the plaintiff's counsel proposed to go to the jury, but the judge directed a nonsuit, subject to the opinion of the whole Court.

*Choate*, for the plaintiff, said the question was, whether, if a verdict had been found for the plaintiff upon this evidence, it might not have been sustained ; that the words proved charged the plaintiff with taking property furtively and for the sake of gain, from the body of a dead man ; Starkie on Slander, 50, 69, 88, 92, 93 ; *Burges* v. *Beacher*, 8 Mod. 240 ; *Nye* v. *Otis*, 8 Mass. R. 126 ; that such a taking was felony ; 4 Bl. Com. 235 ; *Hamilton* v. *Davis*, 5 Burr. 2738 ; 2 Co. Inst. 166 ; Ancient Charters &c., 211 ; 2 East's P. C. 606 ; and consequently the words were actionable.

*Shillaber*, for the defendant, contended that the boots were so circumstanced as not to be the subject of larceny, and so no crime was imputed to the plaintiff. *Brit. St.* 26 *Geo.* 2, *c.* 19 ; 1 Tucker's Blackstone, 294 and note ; *St.* 1814, *c.* 170, § 1 ; *Findley* v. *Bear*, 8 Serg. & Rawle, 571 ; 3 Dane's Abr. 134, § 12.

Wonson
*v.*
Sayward.

*Nov. 8th.*

Wonson
v.
Sayward.
April term,
1833.

SHAW C. J. drew up the opinion of the Court. The only question in the present case is, whether there was sufficient evidence to go to the jury, in support of this action of the case for slander ; and this depends upon the question, whether the words spoken imputed to the plaintiff an indictable offence, because if they did, the words are actionable in themselves. It was contended that they did not impute a charge of felony, because a dead man can have no property, and no person can be indicted for larceny upon proof of having taken articles from the body of a dead man.

But the Court are of opinion, that this position cannot be maintained. The words proved have a tendency to show that the defendant intended to charge the plaintiff with having furtively taken the boots from the body of a dead man, drowned and driven ashore from a wreck, and appropriated them to his own use. Such an act, in point of law, might be a felony, and indictable and punishable as such.

It is contended that the boots could not be averred to be the property of any one, and so in legal contemplation could not be the subject of larceny, but we think it otherwise. The circumstances would have a strong tendency to show that the boots were not derelict and had not been voluntarily abandoned by the owner, and being attached to the body of the deceased, that they were his property at the time of his decease. If an administrator had been already appointed at the time of the taking, the property had vested in him ; and if one should be afterwards appointed, it would be deemed to have vested in him by relation, from the death of the intestate ; and in either case the boots might be averred to be the property of the administrator. The boots therefore were the property of some one, not the plaintiff, at the time of the alleged taking, in respect to which a larceny might be committed ; and this rule is important, as it applies to a vast amount of wrecked property, where the owners perish by the same disasters, by which the property is wrecked. If then the plaintiff had in fact taken the boots under such circumstances *animo furandi*, it would have been a felony ; and if the defendant intended by the words used, to charge this of-

fence, which must be judged of by the accompanying words, and the circumstances under which they were spoken, the words would be actionable.

*Nonsuit taken off and a new trial granted.*